FILED
2021 Apr-30  PM 12:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:20-cv-00261-RDP** |
| | } | |
| **KEITH DAVIS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Plaintiff Joe Hand Promotions, Inc.'s Renewed Motion for Default Judgment. (Doc. # 31). The Motion was originally filed on October 28, 2020, and was renewed on February 5, 2021. (Docs. # 31, 19). No response to the Motion has been filed.

### 1.      Background

Plaintiff has alleged the following well-pleaded facts in its Complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

Plaintiff was granted the exclusive rights of distribution and public performance as to commercial establishments for the Deontay Wilder vs. Tyson Fury Match, including all undercard matches and the entire television Broadcast, scheduled for December 1, 2018, via closed circuit television, encrypted "IPTV", cable, or via encrypted satellite signal (the "Broadcast").

Defendant Keith Davis is or was principal of The Onyx of Birmingham LLC, d/b/a The Bluonyx Nightlife Lounge, doing business in Birmingham, Alabama ("Onyx"). The Onyx has an

estimated fire code occupancy of 101-200 people. Davis was present at the Onyx on December 1, 2018, and authorized the exhibition of the Broadcast on that date. Defendants never obtained the proper authority or a license from Plaintiff to publicly exhibit the Broadcast.

Defendants did not pay the commercial licensing fee for the Broadcast and obtained it through alternative means. Defendants advertised the exhibition of the Broadcast on the Onyx's Instagram page. Knowing that they were not authorized to publish the Broadcast, Defendants nevertheless unlawfully intercepted and exhibited the Broadcast for financial gain.

Title 47 U.S.C. § 605(a) prohibited Defendants' unauthorized reception and public display of the Broadcast. Title 47 U.S.C. § 553 prohibited Defendants' unauthorized reception, interception and exhibition of the Broadcast. Plaintiff asserts claims against Defendants under both statutes.

Davis filed a pro se response to Plaintiff's Complaint. (Doc. # 7). And, although Davis appeared for himself, no attorney ever appeared on behalf of the Onyx. Defendant Davis, a non-attorney, filed a Response on behalf of Onyx. (Doc. # 23). But, under Eleventh Circuit case law, which is binding on this court, corporations and other business entities cannot be represented by non-lawyers. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985). Therefore, Onyx has not appeared and Davis may not represent or act on its behalf. On November 24, 2020, Plaintiff filed a Request for Entry of Default and/or Certificate of Default against the Onyx. (Doc. # 22).

On December 8, 2020, the court granted Plaintiff's Request for Entry of Default and directed the Clerk of Court to enter default in favor of Plaintiff and against Onyx, which was entered the same day. (Docs. # 24, 25). Subsequently, due to Davis's repeated failures to respond to court orders, attend hearings, or update his contact information, the court directed the Clerk of

Court to enter default in favor of Plaintiff and against Davis, which was entered on January 11, 2021. (Docs. # 27, 28).

## II.    Standard of Review

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) ***By the Clerk***.  If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) ***By the Court***. In all other cases, the party must apply to the court for a default judgment.   A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;

> (B) determine the amount of damages;

> (C) establish the truth of any allegation by evidence; or

> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1),(2). If a defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Although this court permits the Clerk of Court to *enter default* when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment when a plaintiff's claim against a defendant is either for a sum certain or for a sum which can by computation be made certain.  Thus, Plaintiff's motion for default judgment in this case is properly before the undersigned.

III.    **Analysis**

After careful review, the court finds that the requirements of Rule 55(b)(2) are satisfied in this case.

A.      **Liability Under Section 553 and 605**

"'To establish a violation of Section 605 or Section 553, Plaintiff must establish that (1) the Defendants intercepted the program, (2) Defendants did not pay for the right to receive the transmission, and (3) Defendants displayed the program to patrons of their commercial establishment.'" *Joe Hand Promotions, Inc. v. Sports Nut, LLC*, 2017 WL 6492546, *2 (N.D. Ala. Dec. 19, 2017) (quoting *Zuffa, LLC v. Al-Shaikh*, 2011 WL 1539878, *4 (S.D. Ala. Apr. 21, 2011) (in turn citing *J & J Sports Prod., Inc. v. Just Fam, LLC*, 2010 WL 2640078, *2 (N.D. Ga. Jun. 28, 2010))). "To hold [a defendant] vicariously liable in his individual capacity and as an officer, director, shareholder and/or principal of [an establishment] under 47 U.S.C. § 605, Plaintiff must show that [the defendant] had a 'right and ability to supervise the violations, and that he had a strong financial interest in such activities.'" *J&J Sports Productions, Inc. v. Arboleda*, 2009 WL

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ .P. 55(a).

3490859, *5 (M.D. Fla. Oct. 27, 2009) (citing *J&J Sports Productions, Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008)); *see also Joe Hand Promotions, Inc.*, 2017 WL 6492546 at *2.

The court finds that Plaintiff has established that it is entitled to a default judgment against Defendants in this action under both Section 553 and 605. Plaintiff has plausibly pled that the Defendants intercepted the Broadcast, Defendants did not pay for the license to receive the Broadcast, Defendants showed the Broadcast to patrons at the Onyx, and Defendants advertised in advance that they would be showing the Broadcast. Plaintiff also has pled facts showing that Davis was in control of the Onyx such that he can be vicariously liable. (Doc. # 1).

### B.      Damages

Notwithstanding the propriety of default judgment against defendants, it remains incumbent on Plaintiff to prove its damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). So, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also  Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not

5

to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc*., 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").

When there is a showing that a defendant's conduct has violated both Sections 553 and 605 of the Communications Act, a plaintiff may recover damages under only one of those sections. *See J & J Sports Productions, Inc. v. Arboleda*, 2009 WL 3490859, *4 (M.D. Fla. Oct. 27, 2009); *Kingvision Pay-Per-View Corp., Ltd. v. Wright*, 2006 WL 4756450 (M.D. Fla. Oct. 27, 2006); *Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1008 (2d Cir. 1993); *Time Warner Cable of N.Y.C. v. Barnes*, 13 F. Supp. 2d 543, 547 (S.D. N.Y. 1998)).

> Under § 605, a court may award statutory damages between $1,000 and $10,000 for each violation, 47 U.S.C. § 605(e)(3)(C)(i)(II), and if a violation is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," a court may award up to an additional $100,000, *id*. at § 605(e)(3)(C)(ii). Under § 553, a court may grant statutory damages between $250 and $10,000 per violation, *id*. at § 553(c)(3)(A)(ii), and up to $50,000 may be awarded if the court finds that the act was violated "willfully and for purposes of commercial advantage or private financial gain," *id*. at § 553(c)(3)(B). In addition to damages, both § 605 and § 553 provide that a court shall award the plaintiff full costs of bringing an action, including reasonable attorneys' fees. *Id*. at § 605(e)(3)(B)(iii), § 553(c)(2)(C).

*J & J Sports Prods., Inc. v. Allen*, 2011 WL 941502, at *3 (N.D. Ga. Mar. 14, 2011). The statutes provide that a plaintiff may elect to pursue actual or statutory damages. 47 U.S.C. §§ 553(c)(3)(A), 605(e)(3)(C)(i). Here, Plaintiff seeks statutory and enhanced damages under either statute. However, the distinction between § 553 (cable) or § 605 (satellite) "is ultimately irrelevant as the damages being awarded here fall neither above nor below the permissible ranges of the two statutes." *J & J Sports Prods., Inc. v. Just Fam, LLC*, 2010 WL 2640078, at *2, n.3 (N.D. Ga. June 28, 2010).

Although their approaches tend to vary substantially, courts in this Circuit have commonly fixed statutory damages in an amount commensurate with the license fee the establishment would have had to pay the distributor to air the Program lawfully. *See, e.g.*, *Sports Nut.*, 2017 WL 6492546 at *4 ("In this case, the Court elects to award damages based on the license fee JHP would have received if Defendants had acquired the signal legally," or $3,150 in statutory damages); *Joe Hand Promotions, Inc. v. McBroom*, 2009 WL 5031580, *4 (M.D. Ga. Dec. 15, 2009) (collecting cases in which statutory damages under § 605 were calculated by "award[ing] the plaintiff the license fee the defendant, based on its maximum capacity, would have paid if it had legally purchased the event for exhibition"); *Arboleda*, 2009 WL 3490859, *6 (explaining that "[a] multitude of other courts have ... assessed damages based on a per-patron basis for the maximum the bar/restaurant allows," as licensing fee would have charged, with multiplier for enhanced damages). This court considers that methodology to be fair and appropriate here, notwithstanding Plaintiff's request for a maximum award of statutory damages. The evidence confirms that the Onyx would have been required to pay Plaintiff a commercial sublicense fee of $2,700 to show the Broadcast at its establishment. (Doc. # 20 at 8). Accordingly, the court finds that a statutory damages award of $2,700 is appropriate in this case.

Plaintiff also seeks enhanced damages under these statutes. Section 605 provides that "in any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii). "Willfulness may be inferred from the conduct required to intercept a broadcast without authorization." *Zuffa*, 2015 WL 12862924 at *5; *McBroom*, 2009 WL 5031580, at *5 (defendant's broadcast of program without authorization is

enough to show willful violation committed for purpose of direct or indirect financial gain, so as to support award of enhanced damages). "Courts use a number of factors in determining whether a defendant's willful conduct justifies increased damages: i) repeated violations over an extended period of time; ii) substantial unlawful monetary gains; iii) advertising of the broadcast; iv) charging of a cover charge or premiums for food and drinks; or v) plaintiff's significant actual damages." *Arboleda*, 2009 WL 3490859, at *7.

Plaintiff's evidence that Defendants intercepted the Broadcast without authorization, broadcasted it to patrons at their establishment without authorization, and even advertised it on an Instagram page is sufficient to show willfulness and purposes of commercial advantage or financial gain, such that enhanced statutory damages may properly be awarded in this case. Moreover, "[c]ourts facing a similar fact pattern as in this case have awarded enhanced damages of three times what it would have cost Defendants to lawfully exhibit the Program." *McBroom*, 2009 WL 5031580, at *5; *see also Sports Nut*, 2017 WL 6492546, at *5 (awarding enhanced damages of three times the licensing fee, where there was no evidence of other violations by defendants, no evidence of cover charge or premium food/ beverage prices, and no evidence that patron turnout was appreciably higher or more lucrative for defendants because of the event, although defendants did advertise the event on Facebook). The court finds that an appropriate award of enhanced damages using a multiplier of triple the statutory damages award is justified and appropriate here. Accordingly, damages are awarded in Plaintiffs' favor, and against Defendants, jointly and severally, in the amount of $2,700 in statutory damages, plus an additional $8,100 (three times the licensing fee) in enhanced damages for Defendants' willful violation.

**IV.     Conclusion**

The court finds that the requirements of Rule 55(b)(2) are satisfied in this case. On the issue of damages, "all essential evidence is already on record," *Sec. Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1231–32 & n.13 (11th Cir. 2005), and, therefore, a hearing is not required. See Fed. R. Civ. P. 55(b)(2). Having considered Plaintiff's Motion and the record evidence, the court finds that the Motion (Doc. # 31) is due to be granted. Plaintiff is entitled to recover from Defendants Keith Davis and the Onyx of Birmingham, LLC the amount of $10,800.

The court notes that both § 605 and § 553 provide that a court shall award the plaintiff full costs of bringing an action, including reasonable attorneys' fees. § 605(e)(3)(B)(iii), § 553(c)(2)(C). Therefore, Plaintiff may seek to amend the court's judgment with proof of its attorneys' fees and costs.

A separate order will be entered.

**DONE** and **ORDERED** this April 30, 2021.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE